LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Darrell J. York, State Bar No. 145601
Sarah L. Garvey, State Bar No. 202491
27240 Turnberry Lane, Suite 200
Valencia, California 91355
(866) 908-2121 - Telephone
(877) 221-3306 - Facsimile
E-mail: djylaw@gmail.com
E-mail: sarahgarvey@yahoo.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHALINO SANCHEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF LOS ANGELES; CHRISTOPHER GOMEZ; and DOES 2 THROUGH 10, inclusive,<br><br>        Defendants. | CASE NO. CV 13-03836 RGK (Ex)<br><br>**PLAINTIFF'S PROPOSED DISPUTED JURY INSTRUCTIONS**<br><br>Pre-Trial Conf.: May 19, 2014<br>Trial Date: June 3, 2014 |

Plaintiff hereby submits his proposed jury instructions.

Dated: May 16, 2014        LAW OFFICES OF DALE K. GALIPO

                                              /s/ *Dale K. Galipo*
                                          _____
                                          Dale K. Galipo
                                          Attorney for Plaintiff

## TABLE OF CONTENTS

| NO. | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1 | Battery by a Peace Officer | CACI 1305 | 3 |
| 2 | Self Defense/ Defense of Others | CACI 1304 | 6 |
| 3 | Inferences | DeVitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil § 72.04 (4th Ed. 1987). | 9 |
| 4 | Testimony by Police Officers | cited case law | 12 |
| 5 | Fourth Amendment Excessive Force—Shooting | cited case law | 15 |

**INSTRUCTION NO. 1 (BATTERY BY A PEACE OFFICER)**

The following instruction applies to the plaintiff's battery claim against Deputy Gomez and the County of Los Angeles.

The plaintiff claims that Deputy Gomez, and through his conduct, the County of Los Angeles, harmed Chalino Sanchez by using unreasonable force against him. To establish this claim, the plaintiff must prove all of the following:

1. Deputy Gomez used unreasonable force against Chalino Sanchez;
2. Deputy Gomez's use of unreasonable force was a substantial factor is causing Chalino Sanchez's harm.

A peace officer may use reasonable force to arrest or detain a person when he or she has reasonable cause to believe that that person has committed a crime. Even if the officer is mistaken, a person being arrested or detained has a duty not to use force to resist the officer unless the officer is using unreasonable force.

In deciding whether a defendant used unreasonable force, you must determine the amount of force that would have appeared reasonable to a peace officer in his position under the same or similar circumstances. You should consider, among other factors, the following:

1. The severity of the crime or other circumstances to which Deputy Gomez was responding;
2. Whether Chalino Sanchez posed an immediate threat of death or serious bodily injury to Deputy Gomez;
3. Whether Chalino Sanchez was actively resisting arrest or attempting to evade arrest by flight.

Source: CACI 1305.

## DEFENDANTS' OBJECTIONS TO INSTRUCTION NO. 1

Defendants object to this instruction as it is materially and improperly amended. Defendants propose (and have included in Defendants' Disputed Instructions,) to use the instruction in its original form.

More specifically, Defendants object to the inclusion of Defendant County of Los Angeles in this instruction. The County of Los Angeles is only vicariously liable for battery. As such, their inclusion is unnecessary and confusing.

Plaintiff has also made material amendments to the language of the instruction.

Plaintiff has also improperly deleted the last paragraph of the instruction.

## PLAINTIFF'S REPLY IN SUPPORT OF INSTRUCTION NO. 1

Plaintiff objects to the use of CACI 1305 without the modifications necessary to make CACI 1305 applicable to the facts of the present case.  Importantly, Plaintiff submits that because Deputy Gomez used *deadly* force in the present case, one factor in deciding whether Deputy Gomez used unreasonable force must be whether Plaintiff posed "an immediate threat of death or serious bodily injury" to Deputy Gomez.  Defendants contend that Plaintiff's amendments are not an accurate statement of the law.

**INSTRUCTION NO. 2 (SELF-DEFENSE/DEFENSE OF OTHERS)**

Defendants claim that Deputy Gomez is not responsible for Chalino Sanchez's harm because Deputy Gomez was acting in self-defense. To succeed, Defendants must prove both of the following:

1. That Deputy Gomez reasonably believed that Chalino Sanchez posed an immediate threat of death or serious bodily injury; and

2. That Deputy Gomez used only the amount of force that was reasonably necessary to protect himself.

Source: CACI 1304.

**DEFENDANTS' OBJECTIONS TO INSTRUCTION NO. 2**

Defendants oppose the material changes Plaintiff has made to this instruction. Defendants propose (and have included in Defendants' Disputed Instructions,) to use the instruction in its original form. Defendants contend that Plaintiff's amendments are not an accurate statement of the law.

**PLAINTIFF'S REPLY IN SUPPORT OF INSTRUCTION NO. 2**

Plaintiff objects to the use of CACI 1304 without the modifications necessary to make CACI 1304 applicable to the facts of the present case. Importantly, Plaintiff submits that because Deputy Gomez used *deadly* force in the present case, one factor in deciding whether Deputy Gomez used unreasonable force must be whether Plaintiff posed "an immediate threat of death or serious bodily injury" to Deputy Gomez.

**INSTRUCTION NO. 3 (INFERENCES)**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead you to draw from the facts which have been established by the evidence in the case.

Source: DeVitt, Blackmar & Wolff, Federal Jury Practice and Instructions: Civil § 72.04 (4th Ed. 1987).

| | |
|---|---|
| 1 | **DEFENDANTS' OBJECTIONS TO INSTRUCTION NO. 3** |
| 2 | Defendants object to this special instruction as it improperly and |
| 3 | unnecessarily confuses the jury.  The parties have agreed to the use of Model Jury |
| 4 | Instruction No. 1.9, "Direct and Circumstantial Evidence" which properly and |
| 5 | sufficiently covers this subject matter. |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**PLAINTIFF'S REPLY IN SUPPORT OF INSTRUCTION NO. 3**

Plaintiffs' proposed instruction, which informs the jury that they are *also* permitted to draw reasonable inferences from the evidence they see and hear is not duplicative of Model Jury Instruction No. 1.9, "Direct and Circumstantial Evidence." Plaintiffs' proposed instruction ensures that the jury looks to all of the proper bases available when making their factual determinations.

**INSTRUCTION NO. 4 (TESTIMONY BY POLICE OFFICERS)**

There will be testimony in this case by sheriff's deputies. The fact that a witness is a police officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of another witness. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness. You must weigh and balance that testimony just as carefully as you would weigh the testimony of any other witness.

Source: *Paine v. City of Lompoc*, 160 F.3d 562, 564-65 (9th Cir. 1998) (rejecting challenge to *voir dire* regarding law enforcement bias in part because "the judge plainly instructed the jury to evaluate police testimony like anyone else's"); *Monroe v. City of Phoenix, Ariz.*, 248 F.3d 851, 857-58 (9th Cir. 2001) (declining to reach issue of whether a similar special instruction was necessary even where the trial judge also emphasized that "the important thing is that you apply the same standard of credibility to all the witnesses as they testify"), *reversed n other grounds*, *Acosta v. Hill*, 504 F.3d 1323 (9th Cir. 2007); *Kerr v. Chicago*, 424 F.2d 1134, 1138 (7th Cir. 1970).

PLAINTIFF'S PROPOSED -12- CV 13-03836 RGK (Ex)
DISPUTED JURY INSTRUCTIONS

## DEFENDANTS' OBJECTIONS TO INSTRUCTION NO. 4

Defendants object to this special instruction as it improperly and unnecessarily confuses the jury. The appropriate instruction is Model Jury Instruction No. 1.11, Credibility of Witnesses.

## PLAINTIFF'S REPLY IN SUPPORT OF INSTRUCTION NO. 4

This instruction is necessary because even those jurors properly vetted due to bias may nevertheless believe that police officers, by virtue of their station and employment, have an overriding and heightened duty to be truthfule and the jurors may therefore afford police officer testimony greater weight than the testimony of lay persons during the trial. The focus on officer testimony is therefore proper. Moreover, this instruction causes no prejudice, because it does not instruct jurors that police officer testimony should be afforded less credibility or less weight. It simply ensures that police officer testimony is subject to the same scrutiny as the testumony of other witnesses.

**INSTRUCTION NO. 5 (FOURTH AMENDMENT—EXCESSIVE FORCE—SHOOTING)**

You must balance the amount of force applied against the need for that force. The most important factor to consider is whether the plaintiff posed an immediate threat to the safety of the officers or others. A shooting is unreasonable if the plaintiff proves by a preponderance of the evidence that Deputy Gomez did not have probable cause to believe that the plaintiff posed an imminent threat of death or serious bodily injury to the officer or to others. Whenever feasible, a warning must be given before deadly force is employed.

Source: *Bryan v. McPherson*, 608 F.3d 614, 622 (9th Cir. 2010) ("The 'most important' factor under *Graham* is whether the suspect posed an 'immediate threat to the safety of the officers or others.'") (quoting *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005) (*en banc*)); *Harris v. Roderick*, 126 F.3d 1189, 1201 (9th Cir. 1997) ("Moreover, whenever practicable, a warning must be given before deadly force is employed."); *Ting v. United States*, 927 F.2d 1504, 1511 (9th Cir. 1991) ("It was generally established at the time of the shooting that an officer could use deadly force to effectuate an arrest if, under the circumstances, he reasonably believed that such force was necessary to protect himself or others from serious bodily harm."); *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991) (holding that "police officers could not reasonably have believed that the use of deadly force was lawful because Curnow did not point the gun at the officers and apparently was not facing them when they shot him the first time"); *Porter v. Osborn*, 546 F.3d 1131, 1141 (9th Cir. 2008) ("In such a case, the Fourth Amendment's reasonableness test applies, tempered by the special constitutional rules governing deadly force.") (citing *Scott* and *Garner*); *Price v. Sery*, 513 F.3d 962, 966-67 (9th Cir. 2008).

**DEFENDANTS' OBJECTIONS TO INSTRUCTION NO. 5**

Defendants object to this special instruction as it improperly misstates the law and confuses the jury. The parties have agreed to the use of Model Instruction, No. 9.22 which sufficiently and properly states the law.

## PLAINTIFF'S REPLY IN SUPPORT OF INSTRUCTION NO. 5

The langauge of Plaintiff's proposed instruction is an accurate recitation of the rulings by this Circuit and the United States Supreme Court. The considerations enumerated by this insruction are those which the Ninth Circuit and the Supreme Court have held to be proper considerations when determining "reasonableness" in shooting cases.

Defendants cite to no authority for the proposition that 9.22 is sufficient or ought to be given alone. The Comments to Model Instruction 9.22 clearly remind us that the "factors identified in this instruction are based on pre-*Scott v. Harris* decisions of the Ninth Circuit applying the Fourth Amendment's general reasonableness standard in excessive force cases." The Comments to 9.22 also explicitly instruct us that "the Supreme Court <u>did not limit the reasonableness inquiry to the factors set forth in Graham</u>,"

> "Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," the reasonableness of a seizure must instead be assessed by carefully considering the objective facts and circumstances that confronted the arresting officers..."

*Smith v. City of Hemet*, 394 F.3d at 701 (citations omitted) (emphasis added). In "appl[ying] [] the Fourth Amendment's 'reasonableness' test (Graham, at 388)," there is no "magical on/off switch that triggers rigid preconditions whenever an officer's actions constitute 'deadly force…' *Scott v. Harris*, 550 U.S. 372, 382 (2007) (citations in original).

It is well-established that the *Graham* factors and the factors set forth in 9.22 are not intended to be exclusive of any other relevant factors. There is ample recognition by the Ninth Circuit and the Supreme Court of the factors proposed by

Plaintiff in his special instruction.  Moreover, 9.22 is pre-*Scott v. Harris*.  Therefore, it is not only proper, but necessary in order to ensure that the jury's determination is guided by the current legal standard, to include an instruction that supplements 9.22 with those additional relevant factors, which the Ninth Circuit and the Supreme court have stated should be considered when determining the reasonableness of an officers' use of deadly force.